UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X
: 
UNITED STATES OF AMERICA,          :
: 21 Cr. 41 (PAC)
-*against*-                                       :
: **OPINION & ORDER**
PEDRO SOSA-ZARZUELA,              :
:
*Defendant*.          :
:
------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

The Government moves *in limine* to: (1) admit Defendant Pedro Sosa-Zarzuela's statements from a November 2019 recorded interview, ("the Interview") between Defendant, Rodolfo Escoto, and two Drug Enforcement Administration ("DEA") Agents; (2) preclude Defendant's entrapment defense; and (3) preclude evidence regarding Escoto's arrest from 2011.[1] Defendant also moves *in limine* to: (1) admit the Interview in its entirety and (2) preclude the testimony of Government witness Inspector General Alfred Hernandez. The Court addresses each motion in turn.

## INTERVIEW MOTIONS

The Interview is central to both parties' motions, and therefore the Court addresses their motions regarding the Interview collectively. Following the arrest of Defendant's alleged co-conspirator, Defendant and Escoto, Defendant's brother-in-law and another alleged co-

---

[1] The Government has also moved to admit (1) evidence of conspiratorial sham cocaine transactions; (2) statements made by Defendant's co-conspirators in furtherance of the conspiracy. With no objection from Defendant, the Court **GRANTS** both motions. The Court further adopts the Government's proposed limiting instruction for the sham cocaine evidence.

conspirator, met on November 1, 2019, with two DEA Agents in a Bronx restaurant. During that interview, Defendant and Escoto both attested to their own innocence, and Escoto to Defendant's innocence. The pair also discussed the conspiracy with the DEA Agents, providing both information on the alleged conspiracy and potentially inculpatory statements regarding their own alleged involvement in the conspiracy. Escoto will be testifying against Defendant at trial.

As a matter of law, both parties agree that any of Defendant's statements from the Interview introduced by the Government are admissible under Federal Rule of Evidence ("FRE") 801(d)(2). Thus, the Court **GRANTS** the Government's motion as to those statements. The parties disagree, however, as to the scope of the admissions. Defendant argues that the entirety of the recording is admissible because (1) the entire Interview comprises a "prior inconsistent statement" under FRE 613; (2) the entire Interview is evidence of entrapment; and (3) the entire Interview is necessary context for the Government's evidence against Defendant under FRE 106. The Government alleges that the Interview primarily comprises inadmissible hearsay under FRE 802, and that the Defendant cannot rely on "self-serving statements" in lieu of having Defendant testify. *See United States v. Jackson*, 180 F.3d 55, 73 (2d Cir.), *on reh'g*, 196 F.3d 383 (2d Cir. 1999).

The Court agrees with the Government that the recording is not categorically admissible. *See United States v. Lumiere*, 249 F. Supp. 3d 748, 759 (S.D.N.Y. 2017) (denying the categorical admission of a recording under FRE 106). Contrary to Defendant's argument, an entire recording is not a prior inconsistent statement under FRE 613. Further, FRE 106 is narrow in its construction, and does not "require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007). The Interview also risks confusing the jury. It is over an hour long, there is loud background music, and the parties switch between speaking Spanish and English throughout the Interview.

However, the Court notes that certain *portions* of the Interview may be admissible for Defendant's intended purposes. Therefore, while the Court **DENIES** Defendant's request for a categorical admission, the parties are **ORDERED** to confer on the portions of the Interview they wish to introduce at trial. If the parties have objections to each other's admissions, they shall submit the contested portions, note the grounds for both admissibility and the objection, and the Court shall rule accordingly.

## GOVERNMENT'S OTHER MOTIONS

### I. Entrapment

The Government next seeks to preclude Defendant from introducing evidence of an entrapment defense. As stated on the record at the final pretrial conference, the Court **RESERVES JUDGMENT** on this motion. At this stage, before the Court has seen the evidence that the Defendant intends to introduce, denying Defendant his right to an affirmative defense is premature. *See United States v. Abdalla*, 346 F. Supp. 3d 420, 428 (S.D.N.Y. 2018). "If at trial, however, the Defendant[] [is] unable to present evidence sufficient to support an entrapment defense, the Court will instruct the jury that entrapment is not a defense in this case." *Id.*

### II. ███████████████

Finally, the Government seeks to preclude Defendant from offering evidence of ███████ ████████████████████████████ Escoto, a cooperating witness for the Government, was arrested in 2011 ████████████████████████ ████████████████████████████████████ Escoto denies committing the alleged act and ████████████████████



3

███████████████████████

Both parties agree that the evidence of the ███████████ is inadmissible under FRE 609. Defendants allege that the evidence of ███ version of events is admissible because it is "implausible"—and therefore admissible impeachment evidence—to the point that the Government had to confer on multiple occasions and confirm ███ version of events with the prosecuting office.

Without even addressing the veracity of ███████████████████████ alleged incident is plainly inadmissible under FRE 403. ████████████████████

███ and the Court has no way of verifying that ███████████████ .

███████████ Further, even assuming the evidence *is* probative of Mr. Escoto's untruthfulness, the Court notes there is other far less prejudicial evidence available that Defendant could use that goes to the same issue. ████████████████████

████████████████ The prejudicial effect of the 2011 alleged incident therefore substantially outweighs its probative value, and the Government's motion to exclude is **GRANTED**.

---

[2] Defendant's proposed limitations on prejudice would do little to assuage this prejudice. ████████████████████

4

## DEFENDANT'S OTHER MOTIONS

### I. Testimony of Inspector Hernandez

Defendant seeks to preclude the testimony of Inspector General Alfred Hernandez, alleging that the Government did not comply with its FRE 16(a)(1)(G) obligations because its expert disclosures were untimely and vague. The Government responds that Inspector Hernandez's testimony will be of a non-case specific nature, that the disclosure was timely, and that its disclosure of Inspector Hernandez's testimony in a previous case sufficiently put Defendant on notice of his testimony. Notice of expert testimony must be timely and "must provide sufficient detail such that the basis for any testimony or opinion can be identified." *United States v. Kidd*, 385 F. Supp. 3d 259, 262 (S.D.N.Y. 2019); Fed R. Crim. P. 16(a)(1)(G). If the Government does not comply with this obligation, a court has broad discretion in fashioning a remedy. *United States v. Felder*, 993 F.3d 57, 74 (2d Cir.), *cert. denied*, 142 S. Ct. 597 (2021).

Here, Government's disclosure was sufficiently timely to put Defendant on notice as to Inspector Hernandez's testimony. The disclosure of this expert did not come on the eve of or during trial, but with nearly three weeks' notice. That is ample time for Defendant to prepare his cross examination. Further, Inspector Hernandez frequently testifies in narcotics cases in this district, and is expected to give non-case specific testimony solely regarding the New York City narcotics trade. *See Kidd*, 385 F. Supp. 3d at 262. The Government attached to its disclosure Inspector Hernandez's testimony in *United States v. Esteves*, 20 Cr. 686 (JGK), and alleges that his testimony here will closely resemble his testimony in *Esteves*.

Even if the Government had been vague in its initial summary of Inspector Hernandez's testimony, the parties made clear at oral argument that they have since conferred and exchanged

more detailed information regarding the matter. Defendant is now on more than sufficient notice of the proposed testimony, and the motion is therefore **DENIED**.

Dated: New York, New York
November 3, 2022

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge