UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X
:
UNITED STATES OF AMERICA,           :
                                    :           21 Cr. 41 (PAC)
                                    :
-*against*-                         :
                                    :           **OPINION & ORDER**
PEDRO SOSA-ZARZUELA,                :
                                    :
            *Defendant.*            :
                                    :
------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

The Government moves *in limine* to: "(1) close the courtroom during the testimony of one Special Narcotics Prosecutor ('SNP') undercover officer ('UC-1'), and (2) allow UC-1 and a cooperating witness ('CW-1') to testify at trial without providing their real names and instead use pseudonyms that the Court and defense counsel deem appropriate." Government Supp. MIL at 1, ECF No. 119. Defendant Pedro Sosa-Zarzuela does not object to either the courtroom closure or UC-1's use of a pseudonym, but objects to CW-1's use of a pseudonym. The Court addresses each motion in turn and **GRANTS** all motions.

## I. Court Closure for UC-1 Testimony

First, the Court **GRANTS** the motion to close the courtroom for the testimony of the undercover officer.[1] When a party requests the closure of a public court proceeding, "the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider

---

[1] The Government represents that it has authorization to seek a court closure from the Deputy Attorney General pursuant to 28 C.F.R. § 50.9(d)(1).

reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." *Waller v. Georgia*, 467 U.S. 39, 48 (1984). Courts of this District have previously held that the safety of an undercover officer "and that of his undercover colleagues, and [the preservation] of his ability to continue serving as an undercover [officer] in the New York City area" could comprise an "overriding interest." *United States v. Urena*, 8 F. Supp. 3d 568, 570 (S.D.N.Y. 2014); *see id.* (collecting cases).

Further, the anticipated closure is "no broader than necessary." *United States v. Schulte*, 436 F. Supp. 3d 698, 704 (S.D.N.Y. 2020) (citing *Waller*, 467 U.S. at 48). The Government seeks a court closure only for the duration of UC-1's testimony. It has also proposed multiple accommodations to mitigate the prejudice to Defendant and the public: (1) availability of daily transcripts through the court reporter's office; (2) permission for Defendant's immediate family to be present in the courtroom during the testimony; and (3) availability of a live audio feed of the testimony in another courtroom. Government Supp. MIL at 5. The Court **ADOPTS** these recommendations and directs that they be implemented. Third, the Defendant does not object nor propose "reasonable alternatives to closing the proceeding." *Waller v. Georgia*, 467 U.S. at 48. Finally, the Government has provided the Court with an adequate factual basis about UC-1's work to support the closure. Accordingly, the request is **GRANTED**.

## II. Use of Pseudonyms

The Government next requests that both UC-1 and CW-1 be allowed to testify under pseudonyms. The trial court has "broad discretion" to set parameters "based on concerns about, among other things, the witness's safety." *Urena*, 8 F. Supp. 3d at 572 (citations omitted). Courts frequently allow undercover officers to testify under pseudonyms, *see United States v. Mial*, No.

2

21 CR. 499-05, 2022 WL 5240988, at *7 (S.D.N.Y. Oct. 6, 2022) (collecting cases), and Defendant does not object to the Government's UC-1 request. That request is therefore GRANTED.

Defendant does object, however, to the Government's request to allow CW-1 to testify under a pseudonym, claiming that the Government's request is "unusual and unprecedented," and that there has been an insufficient showing of significant concerns about safety. Def.'s Opp. at 1–2. The Court disagrees. First, the Government has articulated facts relating to CW-1 that warrant similar safety concerns to those surrounding UC-1, given CW-1's current status. Second, Defendant is incorrect that this is a "unique" request; indeed, this Court itself recently allowed witnesses in a similar circumstance to CW-1 to testify under pseudonyms. *See United States v. Campo Flores*, 15 Cr. 765, ECF No. 135 at 4:3–21. The request is therefore **GRANTED**.

Dated: New York, New York  
November 4, 2022

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY  
United States District Judge