UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
                                                           :

UNITED STATES OF AMERICA,    :

                                                           :           21 Cr. 41 (PAC)

                      -*against*-                  :

                                                           :           **OPINION & ORDER**

PEDRO SOSA-ZARZUELA,    :

                                     *Defendant*.        :

                                                           :
----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

       The Government moves *in limine* to preclude the use of extrinsic evidence of prior inconsistent statements for the impeachment of Government witness Rodolfo Escoto, and to prevent the use of Defendant Pedro Sosa-Zarzuela's statements for context in the impeachment. Defendant moves *in limine* to preclude the admission of certain out of court statements from co-conspirator Delvis Ramirez. Both motions are **DENIED**.

       As to Ramirez's statements, Defendant alleges that the relevant statements were not in furtherance of the conspiracy because the alleged conversation occurred after one of his co-conspirators was arrested. The arrest of one co-conspirator, however, does not automatically terminate the conspiracy. *See United States v. Cruz*, 797 F.2d 90, 98 (2d Cir.1986). Further, Ramírez's statements are in furtherance of "foster[ing] trust and cohesiveness," and "protect[ing]" conspiratorial activities, as Ramirez wanted to determine whether Defendant had been cooperating with law enforcement. *United States v. Diaz*, 176 F.3d 52, 85, 87 (2d Cir. 1999). They are thus admissible under Fed. R. Evid. 801(d)(2)(E).

       As to the extrinsic evidence of Escoto's prior inconsistent statements, the Court disagrees

1

that the Government is enforcing an unquestioned "hornbook principle" under FRE 613(b).[1] Government MIL at 3, ECF No. 123. The Circuits that have addressed the issue are split. *Compare United States v. Lopez*, 870 F.3d 573, 582 (7th Cir. 2017); *Williams v. United States*, 403 F.2d 176, 179 (D.C.Cir.1968) *with United States v. Whalen*, 578 F. App'x 533, 541 (6th Cir. 2014).

The Government is correct that *United States v. Strother*, which otherwise appears to address the issue within this Circuit, contains factual distinctions to the case at hand. 49 F.3d 869, 876 (2d Cir.1995). However, the Second Circuit also makes clear that "[e]xtrinsic evidence of a prior inconsistent statement is more persuasive to a jury than a witness's *acknowledgement of inconsistencies* in a prior statement." *Id.* at 876 (emphasis added); *see also United States v. Nickolson*, 362 F. App'x 864, 865 (9th Cir. 2010) (citing *Strother*, 49 F.3d at 876, while finding extrinsic evidence of an inconsistent statement admissible under Rule 613(b)). Thus, as a matter of the Court's discretion, the Court will allow extrinsic evidence of Escoto's statements in Court. *United States v. Ghailani*, 761 F. Supp. 2d 114 n.6, 118 (S.D.N.Y. 2011) (admission of evidence as to credibility is within the trial court's discretion). The Court also notes that Defendant's statements that have been identified to the Court, Gunther Decl. at 15, 24, ECF No. 125, are admissible not as inconsistent statements from Escoto, but as *context* to those statements.

Dated: New York, New York
November 10, 2022

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

---

[1] "[A] significant line of authority supports the proposition that extrinsic evidence is inadmissible where the witness admits to the prior inconsistent statement . . . . [A]n equally significant number of authorities hold that extrinsic evidence of an inconsistent statement is not barred where the witness admits to that statement." 28 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6206 (2d ed.).

2