UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                                         :

UNITED STATES OF AMERICA,     :

                                                    :     21 Cr. 41 (PAC)

          -*against*-                          :

                                                    :     **OPINION & ORDER**

PEDRO SOSA-ZARZUELA,       :

                                    *Defendant.*       :

                                                    :
------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Pedro Sosa-Zarzuela has requested a jury instruction on a potential defense of entrapment. The Government moves to preclude such a defense. This Court previously reserved judgment on the matter. The matter is now ripe and the Government's motion is **GRANTED**.

To present an entrapment defense, a defendant "has the burden to produce 'some credible' evidence—but need not prove by a preponderance of the evidence—that the government induced him to commit the crime." *United States v. Cabrera*, 13 F.4th 140, 147 (2d Cir. 2021) (cleaned up). Defendant's entrapment theory appears to be that his alleged co-conspirators, a set of rogue Drug Enforcement Administration ("DEA") agents who were engaging in soft robberies separate and apart from their work with the DEA, attempted to return to the DEA's good graces after being deactivated or released from service by the DEA by falsifying aspects of Defendant's involvement in a narcotics conspiracy. ECF No. 130 at 2–5. Defendant further highlights his co-conspirators' long histories of using the DEA informant program to avoid prison as evidence of the DEA's knowledge of their wrongdoings. *Id.*

Putting aside the viability of the theory, it is not one that leads to the conclusion that the Government entrapped Defendant. The defense of entrapment requires some showing that the

1

Government "consciously recruited someone" to commit crimes. *United States v. Toner*, 728 F.2d 115, 127 (2d Cir. 1984). The Government has elicited testimony that the DEA had no knowledge of the rogue informant conspiracy when it first transpired, and Defendant has not disputed that. Neither party disputes that Defendant's brother-in-law, Rodolfo Escoto, both recommended Defendant's services to his co-conspirator Delvis Ramirez *and* convinced Defendant to join him; Escoto had not been a DEA informant for 8 years when he recruited Defendant. *See id.* (denying an entrapment defense where the person inducing the Defendant was not a government agent and the Defense made no showing of direct inducement from the Government). Indeed, Defendant elicited testimony from Escoto that Escoto recruited Defendant for participation in *cash theft*, not a narcotics conspiracy, making it even less likely that Defendant was induced into distributing cocaine, the alleged conduct that is the subject of this trial. Finally, even if the Government's conduct after the conspiracy concluded *was* improper, it is irrelevant to an entrapment defense, as the Defendant allegedly violated the law "before the Government intervened." *United States v. Harvey*, 991 F.2d 981, 990 (2d Cir. 1993). Taken together, Defendant has presented no credible evidence that the Government itself induced this crime, and an entrapment defense is inappropriate.

Dated: New York, New York
November 14, 2022

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge